a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CECIL LESHAUN FUNCHES #17704-003,<br>Plaintiff | CIVIL DOCKET NO. 1:24-CV-00527<br>SEC P |
| VERSUS | JUDGE EDWARDS |
| USA ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Complaint filed by pro se Plaintiff Cecil Leshaun Funches ("Funches").  ECF No. 1.  Funches is incarcerated at the Federal Correctional Institution in Pollock, Louisiana ("FCI-P").  He seeks damages under *Bivens*[1] and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, related to dental care.

Because Funches's *Bivens* claim is prescribed, it should be DENIED and DISMISSED.

## I.   Background

Funches alleges that he was prescribed medication for a tooth abscess and cellulitis between June 22, 2021, and March 17, 2022.  ECF No. 1 at 3-4.  During that

---

[1] In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the United Sates Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

time, he was often "denied access to the pill line" to pick up his medication.  He also alleges malpractice by Dr. Flowers.

II.    <u>Law and Analysis</u>

    A.    <u>Funches's Complaint is subject to preliminary screening.</u>

Because Funches is suing officers or employees of a governmental entity and proceeding *in forma pauperis*, his Complaint is subject to preliminary screening under 28 U.S.C. § 1915A and § 1915(e)(2).  Both statues provide for sua sponte dismissal of a complaint, or any portion thereof, if a court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

    B.    <u>Funches's *Bivens* claim is prescribed.</u>

There is no federal statute of limitations for *Bivens* actions. Federal courts borrow the forum state's general personal injury limitations period.  The limitations period in Louisiana was one year at the time of the alleged constitutional violation. *See* La. Civ. Code art. 3492[2]; *Gaspard v. United States*, 713 F.2d 1097, 1102 n. 11 (5th Cir. 1983).

Federal law determines the date a cause of action accrues.  *See Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989).  Under federal law, accrual begins "when the plaintiff knows or has reason to know of the injury which is the basis of the action."  *Id.*  The plaintiff does not need to know that he has a legal cause of action;

---

[2] The limitations period was recently changed to two years, but the statute only applies prospectively.  La. Civ. Code. Art. 3493.1.

he only needs to know the facts that would support a legal claim. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).

Prison inmates are required to exhaust available administrative remedies before filing a lawsuit in federal court. *See* 42 U.S.C. § 1997e(a).[3]  The limitations period is tolled while an inmate exhausts administrative remedies. *See Harris v. Hegmann*, 198 F. 3d 153, 158 (5th Cir. 1999).

Funches knew of the facts underlying his claim when he was reportedly denied medical treatment and medication in 2021, or, at the latest, March 17, 2022.  ECF No. 1 at 3-4; No. 1-2 at 2-6.  According to the attachments to his Complaint, Funches did not properly exhaust administrative remedies.  ECF No. 1-2 at 2-50.  Although he filed grievances at the last step, they were rejected by the Central Office for procedural reasons.  ECF No. 1-2 at 9, 22.

Even with the benefit of tolling until September 30, 2022, the date of the last denial, the *Bivens* Complaint is untimely.  *Id.*  At the latest, Funches had one year from September 30, 2022, within which to file his *Bivens* claim.  Funches's Complaint was signed for filing on April 16, 2024.  ECF No. 1 at 6.  Therefore, the *Bivens* Complaint is untimely.

---

[3] The administrative remedy that must be exhausted prior to the bringing of a *Bivens* claim is the three-part procedure found in the Code of Federal Regulations.  The inmate must file his initial grievance to the Warden on a BP-9 form.  If dissatisfied with the response, the inmate may appeal to the Regional Director on a BP-10 form.  If still dissatisfied, the inmate may appeal to the General Counsel on a BP-11 form.  *See* C.F.R. 542.13-15.  *Dartson v. Kastner*, 5:06-CV-180, 2006 WL 3702634, at *2 (E.D. Tex. 2006).

### C.    FTCA

An FTCA claim is separate and distinct from a *Bivens* claim and has a different exhaustion process and limitations period.  Under the FTCA, a claimant has two years within which to file a claim with the appropriate agency.  28 U.S.C. § 2401(b).  Funches alleges that he filed an administrative tort claim on October 15, 2023, but he did not receive a response.  ECF No. 7.  It appears that his FTCA claim is timely.

## III.    Conclusion

Because Funches's *Bivens* claim is prescribed, IT IS RECOMMENDED that the *Bivens* claim against all Defendants be DENIED and DISMISSED WITH PREJUDICE, and only the FTCA claim against the United States proceed to service of process.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

4

SIGNED on Thursday, November 14, 2024.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE